IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOSE ANTONIO RODRIGUEZ, | § |
| | § |
| Plaintiff, | § |
| | § CIVIL NO. 5:21-cv-732 |
| V. | § |
| | § JURY TRIAL DEMANDED |
| ATLANTA NATIONAL LEAGUE BASEBALL CLUB, LLC, MAJOR LEAGUE BASEBALL PROPERTIES, INC., '47 BRAND, LLC, FANATICS LICENSED SPORTS GROUP, LLC, LITTLE EARTH PRODUCTS, INC., NEW ERA CAP CO., INC., VICTORY TAILGATE, LLC, WINCRAFT INCORPORATED, MOJO LICENSING, LLC, LOGO BRANDS, INC., TEAM GOLF CORPORATION, and TERVIS TUMBLER COMPANY. | § § § § § § § § § § § |
| Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Jose Antonio Rodriguez ("Rodriguez" or "Plaintiff"), files this Original Complaint against Atlanta National League Baseball Club, LLC, Major League Baseball Properties, Inc., '47 Brand, LLC, Fanatics Licensed Sports Group, LLC, Little Earth Products, Inc., New Era Cap Co., Inc., Victory Tailgate, LLC, WinCraft Incorporated, Mojo Licensing, LLC, Logo Brands, Inc., Team Golf Corporation, and Tervis Tumbler Company (collectively referred to as "Defendants"), and in support thereof alleges the following:

### Nature of the Action

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

**The Parties**

2. Plaintiff Rodriguez is an individual who resides in San Antonio, Texas.

3. Defendant Atlanta National League Baseball Club, LLC is a limited liability company organized under the laws of Georgia with its principal place of business in Atlanta, Georgia, and may be served with process by serving its registered agent, CSC of Cobb County, Inc., at 192 Anderson Street SE, Suite 125, Marietta, Georgia 30030, or wherever they may be found.

4. Defendant Major League Baseball Properties, Inc. is a corporation organized under the laws of New York with its principal place of business in New York, New York, and may be served with process by serving its registered agent, Corporation Service Company, at 80 State Street, Albany, New York 12207, or wherever they may be found.

5. Defendant '47 Brand, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Westwood, Massachusetts, and may be served with process by serving its registered agent, The Corporation Trust Company, at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, or wherever they may be found.

6. Defendant Fanatics Licensed Sports Group, LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Jacksonville, Florida, and may be served with process by serving its registered agent, Corporation Service Company, at 251 Little Falls Drive, Wilmington, DE 19808, or wherever they may be found.

7. Defendant Little Earth Products, Inc. is a corporation organized under the laws of Pennsylvania with its principal place of business in Pittsburgh, Pennsylvania, and may be served

with process by serving the entity, at their registered address 174 Parkridge Lane, Pittsburgh, PA 15228, or wherever they may be found.

8. Defendant New Era Cap Co., Inc. is a corporation organized under the laws of New York with its principal place of business in Buffalo, New York, and may be served with process by serving the New York Department of State Office, at One Commerce Plaza, 99 Washington Ave., Albany, NY 12231, or wherever it may be found.

9. Defendant Victory Tailgate, LLC is a limited liability company organized under the laws of Florida with its principal place of business in Orlando, Florida, and may be served with process by serving its registered agent, Scott D. Sims, at 2437 E. Landstreet Rd., Orlando, FL 32824, or wherever they may be found.

10. Defendant WinCraft Incorporated is a corporation organized under the laws of Minnesota with its principal place of business in Winona, Minnesota, and may be served with process by serving its registered agent at 960 E. Mark Street, Winona, MN 55987, or wherever they may be found.

11. Defendant Mojo Licensing, LLC is a corporation organized under the laws of California with its principal place of business in Newport Beach, California, and may be served with process by serving its registered agent, Kevin R Martin, at 1939 Harrison St Ste 290, Oakland CA 94612, or wherever they may be found.

12. Defendant Logo Brands, Inc. is a corporation organized under the laws of Tennessee with its principal place of business in Franklin, Tennessee, and may be served with process by serving its registered agent, Jud Roper, at 117 SE Parkway, Franklin, TN 37064, or wherever they may be found.

13. Defendant Team Golf Corporation is a corporation organized under the laws of Texas with its principal place of business in Woodlands, Texas, and may be served with process by serving its registered agent, Kent W. Maggert, at 1837 Lake Terrace Ct., Woodlands, TX 77380, or wherever they may be found.

14. Defendant Tervis Tumbler Company is a corporation organized under the laws of Florida with its principal place of business in North Venice, Florida, and may be served with process by serving its registered agent, Capitol Corporate Services, Inc., at 206 E. 9th Street, Suite 1300, Austin, TX 78701, or wherever they may be found.

## Jurisdiction and Venue

15. This court has exclusive federal jurisdiction over the subject matter of Plaintiff's claim under 28 U.S.C. §§ 1331, 1338(a).

16. Each of the Defendants is subject to the personal jurisdiction of this Court because they are purposefully and intentionally availing themselves of the privileges of doing business in the State of Texas, including in this District. Among other things, (i) on information and belief, each Defendant, directly or through subsidiaries or intermediaries (including distributors, retailers and others), has advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, copied and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, copy and/or import products, including products giving rise to this lawsuit, to customers and/or potential customers in the State of Texas, including in this District, at least through interactive websites including www.mlb.com, www.mlbshop.com, www.mlb.com/braves, www.47brand.com, www.majesticathletic.com, www.fanatics.com, www.littlearth.com, www.mojosportsbags.com, www.logobrands.com, www.neweracap.com, www.victorytailgate.com, www.tervis.com, www.wincraft.com,

www.teamgolfusa.com, www.amazon.com, www.academy.com, www.bedbathandbeyond.com, www.dickssportinggoods.com, https://sportsfanshop.jcpenney.com/, https://www.kohls.com/, and https://www.lids.com/, (ii) on information and belief, each Defendant, directly or through subsidiaries or intermediaries (including distributors, retailers and others), knowingly placed the products at issue into the stream of commerce with knowledge the products would reach customers and/or potential customers in the State of Texas, including in this District, (iii) on information and belief, each Defendant, directly or through subsidiaries or intermediaries (including distributors, retailers and others), intentionally and regularly transacts and solicits business, engages in other persistent course of conduct, and/or derives substantial revenue from products and/or services provided to individuals in the State of Texas, including in this District, (iv) each Defendant's infringing acts giving rise to this lawsuit and harm to Plaintiff have occurred and are occurring in the State of Texas and in this District, and (v) on information and belief, each Defendant intentionally aimed its infringing acts giving rise to this lawsuit at the State of Texas, including in this District, knowing the effect of their acts would be felt in the State of Texas, including this District.

17. Based on information and belief, Defendant Atlanta National League Baseball Club, LLC is also subject to the personal jurisdiction of this Court because Defendant acted with knowledge that its unauthorized use of Plaintiff's rights would cause harm to Plaintiff in the State of Texas and in this District.

18. Defendant Team Golf Corporation is also subject to the personal jurisdiction of this Court because Defendant is organized in and has its principal office in the State of Texas.

19. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(a).

**Facts**

20. Defendant Major League Baseball Properties, Inc. ("MLB") operates the Major League Baseball organization, which is an American professional sports league composed of thirty (30) baseball clubs.

21. Defendant Atlanta National League Baseball Club, LLC ("Braves Organization") owns and operates the Atlanta Braves baseball club ("Atlanta Braves"), which is one of the thirty (30) baseball clubs of Major League Baseball.

22. Defendants '47 Brand, LLC, Fanatics Licensed Sports Group, LLC, Little Earth Products, Inc., New Era Cap Co., Inc., Victory Tailgate, LLC, WinCraft Incorporated, Mojo Licensing, LLC, Logo Brands, Inc., Team Golf Corporation, and Tervis Tumbler Company (collectively the "Licensees") manufacture, distribute, and/or sell various consumer goods, including headwear, apparel, bags, and drinkware.

23. Based on information and belief, the MLB and/or the Braves Organization has granted to each Licensee a license to use the Atlanta Braves name, logos, and trademarks on products that Licensees manufacture, distribute, and/or sell.

24. Rodriguez is a police officer with the San Antonio Police Department's Rapid Response Team.

25. Rodriguez has been an avid fan of the Atlanta Braves since he was a young boy.

26. From 1999–2003, Rodriguez attended C.C. Winn High School in Eagle Pass, Texas.

27. On or about January of 2002, pursuant to an art class assignment, Rodriguez created a painting inspired by his favorite baseball team, the Atlanta Braves (the "Painting"). A true and correct copy of the front and back of the Painting is attached as **Exhibit A**. The

Painting contains several elements, including an Atlanta Braves logo that Rodriguez independently designed and created ("Rodriguez Work"). A true and correct copy of the Rodriguez Work is attached as **Exhibit B**.

28. The Rodriguez Work contains a stylized script "A" with a tomahawk superimposed over the "A" so that the tomahawk forms the crossbar of the "A". The stylized "A" and tomahawk are pre-existing elements. The stylized "A" was previously used in various Atlanta Braves logos, and the tomahawk was previously used in various Boston Braves and Atlanta Braves logos. Rodriguez independently and creatively selected and arranged these pre-existing elements to form the Rodriguez Work.

29. After Rodriguez submitted the Painting to his art teacher and received a grade for the assignment, Rodriguez mailed the Painting, along with a letter (the "Letter"), to the Braves Organization at a mailing address Rodriguez obtained from an Atlanta Braves merchandise catalog. In the Letter, Rodriguez explained that he designed a shirt for the Atlanta Braves on which they could use his "A" symbol (the Rodriguez Work) and wanted the Braves Organization to evaluate and possibly use the design. If they were not interested, he asked them to mail the Painting back so he could keep it as a work of art.

30. Shortly thereafter, Rodriguez received a package in the mail from the Braves Organization returning the Painting and the Letter. A representative of the Braves Organization handwrote a note on the Letter, which states the following: "Jose–We are not interested in this artwork. We have to [buy] our merchandise from a MLB official licensee. Thanks for the offer." This handwritten note is followed by a signature. A true and correct copy of the Letter with the Braves Organization's handwritten note is attached as **Exhibit C**.

31. In 2002 or 2003, after they declined Rodriguez's offer and despite their representations to the contrary, the Braves Organization and/or the MLB copied the Rodriguez Work and began using it as a new logo (the "Infringing Logo") for the Atlanta Braves baseball team without consulting with Rodriguez or obtaining his permission.

32. In 2002 or 2003, Rodriguez was looking through a newly issued Atlanta Braves merchandise catalog and first saw the Infringing Logo the Braves Organization was now using on its merchandise and saw that the Infringing Logo was a substantial copy of the Rodriguez Work.

33. After discovering the Infringing Logo, Rodriguez explained to his art teacher what happened with the Braves Organization and asked the teacher for advice, but the teacher told Rodriguez there was nothing he could do about the situation.

34. Rodriguez kept the Letter and gave the Painting to his mother.

35. Immediately after graduating from C.C. Winn High School in 2003, Rodriguez joined the U.S. Marine Corps and served until 2007 when he was honorably discharged.

36. During Rodriguez's time in the Marines, Rodriguez received advise from multiple people that he may have a legal claim against the Braves Organization. After Rodriguez's service in the Marines ended in 2007, Rodriguez decided to take action against the Braves Organization. Rodriguez asked his mother for the Painting, but she could not find it. Because Rodriguez believed the Painting was lost, Rodriguez believed he could not proceed with his case against the Braves Organization.

37. In 2007, Rodriguez moved to San Antonio, Texas and in 2008 joined the San Antonio Police Department where he continues to serve today.

38. In 2019, Rodriguez's mother found the Painting while cleaning her home prompting Rodriguez to pursue this action.

39. An application for registration of the Rodriguez Work was submitted to the U.S. Copyright Office on December 18, 2019. On March 17, 2021, the U.S. Copyright Office issued U.S. Copyright Registration No. VAu 1-423-284 for the Rodriguez Work with an effective registration date of December 18, 2019. A true and correct copy of U.S. Copyright Registration No. VAu 1-423-284 is attached as **Exhibit D**.

40. The pre-existing stylized "A" used in various Atlanta Braves logos is not copyrightable subject matter. Based on information and belief, the pre-existing tomahawk element used in various Boston Braves and Atlanta Braves logos was previously committed to the public domain and was freely usable by Rodriguez in his work. Moreover, Rodriguez's use of the tomahawk was for non-commercial, educational purposes.

41. The Braves Organization copied or caused to be copied the Rodriguez Work in creating the Infringing Logo.

42. The Braves Organization knowingly and intentionally copied or caused to be copied the Rodriguez Work in creating the Infringing Logo.

43. Based on information and belief, the MLB copied or caused to be copied the Rodriguez Work in creating the Infringing Logo.

44. Based on information and belief, the MLB knowingly and intentionally copied or caused to be copied the Rodriguez Work in creating the Infringing Logo.

45. Since 2003, the Braves Organization created or caused to be created merchandise and other goods using the Infringing Logo that is a copy and/or derivative of the Rodriguez Work.

46. The Braves Organization has sold and/or caused to be sold merchandise and other goods using the Infringing Logo.

47. The Braves Organization has distributed and/or caused to be distributed merchandise and other goods using the Infringing Logo. Such distribution includes providing merchandise and other goods using the Infringing Logo to manufacturers, wholesalers, distributors, and retailers.

48. The MLB created or caused to be created merchandise and other goods using the Infringing Logo that is a copy and/or derivative of the Rodriguez Work.

49. The MLB has sold and/or cause to be sold merchandise and other goods using the Infringing Logo.

50. The MLB has distributed and/or has caused to be distributed merchandise and other goods using the Infringing Logo. Such distribution includes providing merchandise and other goods using the Infringing Logo to manufacturers, wholesalers, distributors, and retailers.

51. The Licensees created or caused to be created merchandise and other goods using the Infringing Logo that is a copy and/or derivative of the Rodriguez Work.

52. The Licensees have sold and/or caused to be sold merchandise and other goods using the Infringing Logo.

53. The Licensees have distributed and/or has caused to be distributed merchandise and other goods using the Infringing Logo. Such distribution includes providing merchandise and other goods using the Infringing Logo to manufacturers, wholesalers, distributors, and retailers.

54. A comparison of the Rodriguez Work with the Infringing Logo clearly shows that the Infringing Logo is probatively similar, substantially similar and strikingly similar to the Rodriguez Work.  Compare **Exhibit B** with **Exhibit E**.

## COUNT I –DIRECT COPYRIGHT INFRINGEMENT

55. Plaintiff incorporates herein paragraphs 1-54 above.

56. As the legal and beneficial owner of all copyrights in and to the Rodriguez Work and all causes of action arising therefrom, Plaintiff is entitled to institute this action against Defendants in accordance with 17 U.S.C. § 501(b).

57. The Braves Organization had access to the Rodriguez Work before creation of the Infringing Logo and the person(s) who created the Infringing Logo had a reasonable opportunity to view the Rodriguez Work.

58. On information and belief, the MLB had access to the Rodriguez Work before creation of the Infringing Logo and the person(s) who created the Infringing Logo had a reasonable opportunity to view the Rodriguez Work.

59. The Infringing Logo is substantially similar to the Rodriguez Work and contain similarities that are probative of copying.

60. On information and belief, each Defendant, acting individually, or in concert, has engaged in one or more acts of copyright infringement under 17 U.S.C. § 501(a) by violating one or more of Plaintiff's exclusive rights under 17 U.S.C. § 106.

61. On information and belief, each Defendant, acting individually, or in concert, has engaged in the unauthorized reproduction of copies of the Rodriguez Work.

62. On information and belief, each Defendant, acting individually, or in concert, has engaged in the unauthorized preparation and reproduction of derivative works based on the Rodriguez Work.

63. On information and belief, each Defendant, acting individually, or in concert, has engaged in the unauthorized distribution of the Rodriguez Work.

64. On information and belief, each Defendant, acting individually, or in concert, has engaged in acts of direct copyright infringement through its actions. As a result, each Defendant is jointly and severally liable for the acts of copyright infringement committed by Defendants.

65. On information and belief, the Braves Organization and the MLB's acts of copyright infringement have been committed willfully and in complete disregard of, and with reckless indifference to, the exclusive rights of Plaintiff.

66. Plaintiff has suffered damages as a result of Defendants' acts of copyright infringement and pursuant to 17 U.S.C. § 504(a) is entitled to compensation for his actual damages and any profits generated by Defendants from their infringement.

67. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain Defendants' copyright infringement of the copyrighted Rodriguez Work, including but not limited to the further reproduction, distribution, manufacturing, marketing, or sale of the Infringing Logo.

68. Pursuant to 17 U.S.C. § 503(b), Plaintiff is entitled to an order requiring the destruction or other reasonable disposition of all infringing copies found to have been made in violation of his exclusive rights.

**COUNT II –CONTRIBUTORY AND VICARIOUS COPYRIGHT INFRINGEMENT**

69. Plaintiff incorporates herein paragraphs 1-68 above.

70. Plaintiff is the legal and beneficial owner of all copyrights in and to the Rodriguez Work and is entitled to institute this action against Defendants in accordance with 17 U.S.C. § 501(b).

71. The Braves Organization had access to the Rodriguez Work before creation of the Infringing Logo and the person(s) who created the Infringing Logo had a reasonable opportunity to view the Rodriguez Work.

72. On information and belief, the MLB had access to the Rodriguez Work before creation of the Infringing Logo and the person(s) who created the Infringing Logo had a reasonable opportunity to view the Rodriguez Work.

73. The Infringing Logo is substantially similar to the Rodriguez Work and contain similarities that are probative of copying.

74. On information and belief, the Braves Organization and the MLB, acting individually, or in concert, have engaged in acts of copyright infringement either contributorily and/or vicariously through their actions. As a result, the Braves Organization and the MLB are jointly and severally liable for the acts of copyright infringement committed by Defendants.

75. Plaintiff has suffered damages as a result of Defendants' acts of copyright infringement and pursuant to 17 U.S.C. § 504(a) is entitled to compensation for his actual damages and any profits generated by Defendants from their infringement.

76. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to preliminary and permanent injunctive relief to restrain Defendants' copyright infringement of the copyrighted Rodriguez

Work, including but not limited to the further reproduction, distribution, manufacturing, marketing, or sale of the Infringing Logo.

77. Pursuant to 17 U.S.C. § 503(b), Plaintiff is entitled to an order requiring the destruction or other reasonable disposition of all infringing copies found to have been made in violation of his exclusive rights.

## CONDITIONS PRECEDENT

78. Plaintiff generally avers that all conditions precedent to his rights of recovery have occurred or have been performed.

## JURY DEMAND

79. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jose Antonio Rodriguez respectfully prays that this Court enter judgement as follows:

(1) That judgment be entered against each Defendant, and Rodriguez be awarded all profits attributable to each copyright infringement by Defendants, its agents, servants, employees and those acting in concert with each or any of them in accordance with 17 U.S.C. § 504(b).

(2) That judgment be entered against each Defendant, and Rodriguez be awarded reasonable royalty due to Defendants' acts of copyright infringement in accordance with 17 U.S.C. § 504(b).

(3) That a permanent injunction be issued restraining Defendants, their agents, servants, employees, and those acting in concert with them, from directly or indirectly infringing any of Rodriguez's copyrights in accordance with 17 U.S.C. § 502.

(4) That an Order be issued requiring all infringing copies of the Rodriguez Work be impounded from each Defendant and destroyed in accordance with 17 U.S.C. § 503.

(5) Finding Defendants' infringement to be willful.

(6) Awarding Plaintiff costs and attorney's fees in accordance with 17 U.S.C. § 505.

(7) Finding Defendants jointly and severally liable.

(8) Awarding Rodriguez all such other and further relief at law or in equity as this Court deems just and proper.

Dated: August 3, 2021                  Respectfully Submitted

GUNN, LEE & CAVE, P.C.
8023 Vantage Dr., Suite 1500
San Antonio, Texas 78230
(210) 886-9500 Telephone
(210) 886-9883 Facsimile

By: */s/ John C. Cave*
John C. Cave
Texas Bar No. 00783812
john.cave@gunn-lee.com

Julie P. Bell
Texas Bar No. 24116091
jbell@gunn-lee.com

**ATTORNEYS FOR PLAINTIFF**